IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANH WALKER, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>GEICO CASUALTY COMPANY, )<br>)<br>Defendant. ) | Case No. CIV-23-472-F |

## ORDER

The court is in receipt of defendant, GEICO Casualty Company's Notice of Removal (Notice). Doc. no. 1. The alleged basis for the court's exercise of subject matter jurisdiction is diversity jurisdiction, 28 U.S.C. § 1332. *Id*. at ¶ 4. However, the court finds the jurisdictional allegations in the Notice are insufficient to establish diversity jurisdiction.[1]

The Notice alleges that defendant "was (and remains) a foreign corporation, incorporated under the laws of a state other than Oklahoma, with its 'nerve center' or 'principal place of business' in Chevy Chase, Maryland." Doc. no. 1, ¶ 3. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Notice fails to specifically identify the state by which the defendant has been incorporated. *See*, Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

F.3d 1003, 1014 (10th Cir. 2018) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (quotation marks and citation omitted).

Accordingly, defendant is **DIRECTED** to file an amended notice of removal, within ten days of the date of this order, which provides the missing jurisdictional information regarding defendant to establish diversity jurisdiction.[2]

Failure to comply with this order may result in the remand of the action to state court.

IT IS SO ORDERED this 30th day of May, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0472p001.docx

---

[2] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Court of Appeals, after a case has run its entire course in the District Court, to remand a case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.