IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANH WALKER, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )  Case No. CIV-23-472-F |
| GEICO CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) |

## ORDER

On May 30, 2023, the court entered an order directing defendant GEICO Casualty Company (GEICO) to file an amended notice of removal providing missing jurisdictional information regarding the company to establish diversity jurisdiction. Doc. no. 6.

The court is in receipt of GEICO's Amended Notice of Removal (Amended Notice). Doc. no. 7. The Amended Notice alleges as follows:

> At the time of this filing, GEICO was (and remains) incorporated in the state of Nebraska, with its "nerve center" or "principal place of business" in Chevy Chase, Maryland . . . *Accordingly, GEICO is a citizen of Oklahoma and Maryland.*  28 U.S.C. § 1332(c)(1). *GEICO was not and is not a citizen of the state of Oklahoma*.

*Id*. at ¶ 3 (emphasis added).

These allegations are confusing and do not clearly establish the state or states of citizenship for GEICO. *See*, 28 U.S.C. § 1332(c)(1); *see also*, Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018) ("The party seeking the exercise of jurisdiction in

his favor must allege in his pleading the facts essential to show jurisdiction.") (quotation marks and citation omitted).[1]

Accordingly, GEICO is **DIRECTED** to file a second amended notice of removal, within ten days of the date of this order, which clarifies its citizenship pursuant to 28 U.S.C. § 1332(c)(1).[2]

Failure to comply with this order may result in the remand of the action to state court.

IT IS SO ORDERED this 2nd day of June, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0472p002 rev_.docx

---

[1] In addition, the court notes that the paragraph numbers in the Amended Notice are not sequential. Paragraph 7 follows paragraph 4.

[2] This may all appear to be just a bit pedantic, for what appears to be a typographical error. But the first thing they look for when a case gets to the Court of Appeals is a record affirmatively and unequivocally demonstrating the existence of subject matter jurisdiction.